IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA LANGEVIN,             )
                              )
        Plaintiff,             )
                              )
    vs.                        )   Civil Action No. 13-1346
                              )
CAROLYN W. COLVIN,             )
ACTING COMMISSIONER OF SOCIAL  )
SECURITY,                      )
                              )
        Defendant.             )

O R D E R

AND NOW, this 26th day of June, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

1

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's central contention relates to the ALJ's failure to give controlling weight to the opinion of disability rendered by Dr. Marion, a state agency consultative psychologist who treated Plaintiff on seven occasions after he evaluated her on December 9, 2010. By giving little weight to Dr. Marion's opinion that Plaintiff's mental impairments rendered her "unable to hold down a job," Plaintiff argues that the ALJ improperly substituted his own medical judgment for that of Dr. Marion's because his assessment was the only one in the record that was based on a "complete review of the file." Plaintiff's Brief (Doc. No. 11 at 13). In support of that position, Plaintiff cites to Cadillac v. Barnhardt, 84 Fed. Appx. 163 (3d Cir. 2003) and argues that remand is required pursuant to Cadillac because the ALJ rejected Dr. Marion's opinion based on his own lay interpretation of the raw clinical data. The Court disagrees and finds that Plaintiff's reliance on Cadillac is misplaced, as the present facts are easily distinguishable from those presented in Cadillac.

First, Plaintiff misrepresents the facts and holding of the case, as the nature of the legal error which mandated reversal did not involve the ALJ's failure to *"credit the treating source"* opinion, because no such opinion existed in the record. See (Doc. No. 11 at 12). The plaintiff in Cadillac alleged disability because of a back condition, and in February and April of 1997, two non-examining state agency physicians reviewed the medical record and found that the plaintiff's back impairment did not preclude him from engaging in light work. On May 15, 1997, however, the plaintiff experienced an acute episode of back pain and was transported to the hospital in an ambulance, where he complained of a back spasm that began several weeks earlier; he underwent a 12-day inpatient hospitalization and a CT scan was performed during that time. Cadillac, 84 Fed. Appx. at 164-165, 168. The scan subsequently was analyzed by an orthopedic surgeon named Dr. Steinway during a December 1, 1997 office visit, and Dr. Steinway classified plaintiff's back problem as a "Class III" condition, which meant that he had the "functional capacity adequate to perform only little or none of the duties of usual occupation or self-care." Id. at 165, 168.

On December 30, 1997, another orthopedic surgeon named Dr. Mylod reviewed plaintiff's medical records upon request, *but did not examine him.* Id. at 165. Dr. Mylod analyzed the same files that the agency physicians had reviewed in April, but he also had the opportunity to consider the records from plaintiff's May hospitalization and December 1, 1997 visit with Dr. Steinway. Upon such review, Dr. Mylod concluded that plaintiff was disabled, but the ALJ discounted his opinion as well as Dr. Steinway's Class III finding, and gave controlling weight to the opinions of the two state agency physicians who *"never had the opportunity to consider the major medical events that occurred in 1997."* Id. at 168-69 (emphasis added). The ALJ dismissed Dr. Steinway's finding as ambiguous, stating that it was unclear whether the Class III classification was a permanent or temporary one, and the Third Circuit reversed, finding that it "was error for

2

the ALJ to have favored medical opinions based on an incomplete record over those based on the complete record, and to have done so because she injected her own medical opinion into the mix." Id. at 169. In light of the agency physicians' inability to consider the "major medical events" that transpired after they completed their assessments in April of 1997, the Circuit found that it was error for the ALJ to discount Dr. Mylod's opinion since he was the only acceptable medical source to have rendered an opinion based on all of the "major medical events" that occurred in 1997. Id. at 168-69.

Against that backdrop, it is clear that this case is not, as Plaintiff argues, "identical to the situation presented in Cadillac." (Doc. No. 11 at 13). The crux of the error in Cadillac was the ALJ's decision to credit the opinions of the agency physicians who did not have the opportunity to consider the serious medical events that significantly distorted the medical picture painted by the records which existed at the time of the agency's review. Additionally, the ALJ's decision to discount the only opinion which considered the significant developments in plaintiff's medical condition was based on the ALJ's own speculation regarding the duration of the Class III classification. The Court finds that Cadillac is inapposite, as the record in this case is devoid of any evidence which indicates that Plaintiff experienced any "major medical events" between December 2010 and November 2011 which: (i) Dr. Vizza, the non-examining state agency physician, did not have the opportunity to consider and (ii) reasonably could be expected to have exacerbated her mental impairments and substantially diminished her functional ability to sustain full-time employment. Indeed, in the nine months separating Dr. Marion's initial consultative examination and his latest follow-up report, Plaintiff did not undergo any psychiatric hospitalizations or experience any traumatic loss or event, and she continued to complain about the same psychosocial stressors that she complained of during her December 2010 consultative examination with Dr. Marion, where he assessed her with having a GAF score of 60. (R. 314-317). As the ALJ noted, in less than a nine month period, and without any material changes in her surrounding circumstances and/or mental condition which could have attributed to Dr. Marion's radical change of opinion, Plaintiff's mental impairments transformed from being not significantly limiting to totally disabling. Given the absence of any "major medical events" that transpired within that timeframe, the ALJ's decision to credit the evidence which predated Dr. Marion's follow-up reports does not raise the same concern as in Cadillac, and the ALJ was not precluded from relying on that evidence merely because it occurred earlier in time. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (noting that "there is always some time lapse between the consultant's report and the ALJ's hearing and decision" because state agency review always precedes ALJ review, and that the "Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").

It is well established that the ALJ is not bound by any of the medical opinions in the record, and that he is free to resolve conflicts presented by the evidence in the record, so long as he does not reject such evidence based on "no reason or the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d. Cir. 1999). An ALJ may reject a treating source opinion "on the basis of contradictory medical evidence," Plummer, 186 F.3d at

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

                                                                        s/Alan N. Bloch
                                                                       United States District Judge

ecf: Counsel of record

---

429, or *if unsupported by sufficient clinical data*, Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir.1985) (emphasis added). See also 20 C.F.R. § 416.927(d)(2) (controlling weight should be given to a treating physician's opinion where it is supported by clinical diagnostic techniques and is not inconsistent with other substantial evidence). Here, the ALJ explained that he gave little weight to Dr. Marion's follow-up reports because his opinion (i) relied heavily on Plaintiff's subjective complaints, (ii) was unsupported by the objective clinical data, and (iii) was contradicted by her demonstrated ability to work for nearly 20 years following her father's death, the event that she claims triggered her Generalized Anxiety Disorder. (R. 34, 51). The Court finds that the ALJ offered legitimate reasons for why he afforded little weight to Dr. Marion's opinion and that in setting forth his justification, he did not rely on his own speculation or medical judgment, but rather the actual treatment notes, conservative treatment history, demonstrated work history, and the extent to which the clinical data corroborated the allegations of disabling impairments. Thus, the ALJ did not discount Dr. Marion's opinion for "no reason or the wrong reason," but rather properly relied on reasonable, legitimate factors to conclude that his opinion of disability was inconsistent with, and unsupported by other substantial evidence in the record. The Court finds that substantial evidence supports the ALJ's rationale and that his RFC finding incorporated all of the functional limitations that were credibly established by the objective evidence of record. To that end, the Court also notes that "the ALJ is responsible for making a residual functional capacity determination based on the medical evidence, and he *is not required to seek a separate expert medical opinion*." Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003). Accordingly, the Court finds that Plaintiff's contentions are without merit and that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.